IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LUCY JONES, ESTATE OF FRANK PAUL ) | |
| JONES, WINDIE ROBINSON, FRANCESCA ) | |
| JONES, UNKNOWN OWNERS, ) | |
| INCLUDING UNKNOWN HEIRS AND ) | |
| LEGATEES OF FRANK PAUL JONES, ) | |
| DECEASED, AND NON-RECORD CLAIMANTS, ) | |
| COUNTY OF KANKAKEE, SECURITY ) | |
| PACIFIC FINANCIAL SERVICES, ) | |
| INC., nka CITY FINANCIAL MORTGAGE and ) | |
| CREDITORS COLLECTION BUREAU, ) | |
| ) | |
| ) | |
| ) | CIVIL NO. |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes, UNITED STATES OF AMERICA, by and through its attorneys,

RODGER A. HEATON, United States Attorney for the Central District of Illinois, and Assistant

United States Attorney DAVID H. HOFF, and for its cause of action alleges that:

1. This is a civil action brought pursuant to 28 U.S.C. § 1345 to foreclose the hereinafter described mortgage or other conveyance in the nature of a mortgage (hereinafter called "mortgage") and to join the following persons as defendants: LUCY JONES, ESTATE OF FRANK PAUL JONES, WINDIE ROBINSON, FRANCESCA JONES,

UNKNOWN OWNERS, INCLUDING UNKNOWN HEIRS AND LEGATEES OF FRANK PAUL JONES, DECEASED, NON-RECORD CLAIMANTS, COUNTY OF KANKAKEE, SECURITY PACIFIC FINANCIAL SERVICES, INC., nka CITY FINANCIAL MORTGAGE and CREDITORS COLLECTION BUREAU

2. Attached as Exhibit "A" is a copy of the Mortgage, Exhibit "B" is a copy of the Promissory Note secured thereby, and Exhibit "C" is the Notice of Acceleration.

3. Information concerning mortgage:

    (A) Nature of instrument: Mortgage

    (B) Date of mortgage: March 5, 1982

    (C) Names of mortgagors: LUCY JONES and
                                                  FRANK PAUL JONES (now deceased)

    (D) Name of mortgagee: United States of America, United States Department of Agriculture

    (E) Date and place of recording: March 10, 1982, in the Kankakee County Recorder's Office

    (F) Identification of recording: Recorded as Doc. No. 82-1439

    (G) Interest subject to the mortgage: Fee Simple

    (H) Amount of original indebtedness including subsequent advances made under the mortgage: $35,300.00

    (I) Both the legal description of the mortgaged real estate and the common address or other information sufficient to identify it with reasonable certainty:

        1. Legal description of mortgaged premises:

- 3 -

Lot 4, Pineview Subdivision, being a Subdivision of the Northeast Quarter of Section 17, Township 30 North, Range 11 West of the Second Principal Meridian, in Kankakee County, Illinois

PIN No. 19-17-200-027

2. Common address or location of mortgaged premises:

12571 E 2500S Rd, Momence, IL 60954

(J) Statement as to defaults and amount now due:

1. Date of Default is September 20, 2006.

2. Payments which have become due under the secured note are in default and arrears in the total amount of $66,670.24.

3. The total amount now due is $101,037.95 as of April 27, 2007, plus interest accrued thereafter, court costs, title costs and plaintiff's attorney fees. This amount due includes the total principal and interest due and payable, all outstanding advances and fees charged to the defendant(s) account and total subsidy received on the defendant(s) loans(s).

4. The per diem interest accruing under the mortgage after default is $8.9494.

(K) Name of present owner of the real estate:   LUCY JONES as surviving joint tenant of Frank Paul Jones, deceased

(L) Name or names of persons, in addition to such owners, but excluding any non-record claimants as defined in the Illinois Mortgage Foreclosure Law, Chapter 735 ILCS, Section 5/15-1210, who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

ESTATE OF FRANK PAUL JONES, UNKNOWN HEIRS AND LEGATEES OF FRANK PAUL JONES, DECEASED.

WINDIE ROBINSON by virtue of the fact he is an adult child of Frank Paul Jones.

FRANCESCA JONES by virtue of the fact she is an adult child of Frank Paul Jones.

- 4 -

SECURITY PACIFIC FINANCIAL SERVICES, INC. by virtue of an Assignment of Mortgage recorded October 10, 1989.

CREDITORS COLLECTION BUREAU by virtue of an Assignment of Mortgage recorded October 10, 1989.

COUNTY OF KANKAKEE by virtue of Memorandum of Judgments recorded June 17, 1998.

Plaintiff's mortgage constitutes a valid, prior and paramount lien upon the indicated interest in the mortgaged real estate, which lien is prior and superior to the right, title, interest, claim or lien of all parties and non-record claimants whose interests in the mortgaged real estate are sought to be terminated.

(M)  Names of defendants claimed to be personally liable for deficiency, if any:

NA

(N)  Capacity in which plaintiff brings this foreclosure: as the owner and legal holder of said note, mortgage and indebtedness.

(O)  Facts in support of shortened redemption period, if sought: The fair market value of the mortgaged real estate is less than 90 percent of the amount of the judgment requested herein and mortgagee hereby waives any and all rights to a personal deficiency judgment against the defendants.

(P)  Facts in support of request for costs and expenses, if applicable:

Plaintiff has been required to incur title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage.

(Q)  Facts in support of a request for appointment of mortgagee in possession or for appointment of a receiver, and the identity of such receiver, if sought: NA

(R)  Plaintiff does not offer to mortgagor in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale.

(S)  Name or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof: LUCY JONES

- 5 -

## REQUEST FOR RELIEF

Plaintiff requests:

(i) A judgment to foreclose such mortgage, ordering:

a. That an accounting may be taken under the direction of the court of the amounts due and owing to the plaintiff;

b. That the defendants be ordered to pay to the plaintiff before expiration of any redemption period (or if no redemption period, before a date fixed by the court) whatever sums may appear to be due upon the taking of such account, together with fees and costs of the proceedings (to the extent provided in the mortgage or by law);

c. That in default of such payment in accordance with the judgment, the mortgaged real estate be sold as directed by the court, to satisfy the amount due to the plaintiff as set forth in the judgment, together with the interest thereon at the statutory judgment rate from the date of judgment;

d. That in the event the plaintiff is a purchaser of the mortgaged real estate at such sale, the plaintiff may offset against the purchase price of such real estate the amounts due under the judgment of foreclosure and order confirming the sale;

e. That in the event of such sale and the failure of the person entitled thereto to redeem prior to such sale pursuant to this Article, the defendants made parties to the foreclosure in accordance with this Article, and all non-record claimants given notice of the foreclosure in accordance with this Article, and all persons claiming by, through or under them, and each and any and all of them, may be forever barred and foreclosed of any right, title, interest, claim, lien or right to redeem in and to the mortgaged real estate; and

f. That if no redemption is made prior to such sale, a deed may be issued to the purchaser thereat according to law and such purchaser be let into possession of the mortgaged real estate in accordance with 735 ILCS, Section 5/15-1701, et. seq.

ii) An order granting a shortened redemption period, if authorized by law.

iii) A personal judgment for a deficiency, if authorized by law.

iv) An order granting possession.

- 6 -

v)  An order placing the mortgagee in possession or appointing a receiver.

vi)  A judgment for fees, costs and expenses.

vii)  Enforcement of its assignment of rents derived from said real estate.

viii)  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

## ADDITIONAL REQUEST FOR RELIEF

Plaintiff also requests that the judgment for foreclosure or other orders entered herein provide for the following (pursuant to 735 ILCS, Section 5/15-1506(f)):

i)  Judicial sale conducted by the United States Marshal or his representative, at which the plaintiff is entitled to bid;

ii)  Title in the real estate may be subject, at the sale, to exceptions including general real estate taxes for the current year and for the preceding year which have not become due and payable as of the date of entry of the judgment of foreclosure, any special assessments upon the real estate, and easements and restrictions of record;

iii)  In the event a party to the foreclosure is a successful bidder at the sale, such party shall be allowed to offset against the purchase price to be paid for such real estate amounts due such party under the judgment of foreclosure or order confirming the sale.

UNITED STATES OF AMERICA, Plaintiff

RODGER A. HEATON
UNITED STATES ATTORNEY

s/David H. Hoff
David H. Hoff, IL Bar No. 1234072
Assistant U. S. Attorney
201 South Vine Street, Suite 226
Urbana, IL 61802
Tele: 217/373-5875
Fax No. 217/373-5891
Email: david.hoff@usdoj.gov

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Lucy Jones, Estate of Frank Paul Jones, Windie Robinson, Francesca Jones, Unknown Owners, Including Unknown Heirs and Legatees of Frank Paul Jones, Deceased, and Non-Record Claimants, County of Kankakee, Security Pacific Financial Services, Inc., nka City Financial Mortgage and Creditors Collection Bureau |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)  Kankakee County |
| (c) ATTORNEYS<br>U.S. Attorney's Office<br>David H. Hoff<br>201 S. Vine St., Ste. 226<br>Urbana, Illinois 61802<br>(217)373-5875/FAX (217)373-5891 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**

■ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another Place | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION**

Title 28 U.S.C. § 1345 - Mortgage Foreclosure

**V. NATURE OF SUIT**

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br><br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>■ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br><br>**CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br><br>**PERSONAL INJURY**<br>☐ 362 Person injury -- Med Malpractice<br>☐ 365 Personal Injury -- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL INJURY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability<br><br>**PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Blank Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc<br>☐ 460 Deportation<br>☐ 470 RICO<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

**VI. ORIGIN**

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23   **DEMAND** $ $101,037.95   Check YES only if demanded in complaint:  **JURY DEMAND:**  ☐ YES   NO X

**VIII. RELATED CASES IF ANY**   Judge _____   Docket Number _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 6/28/07 | s/David H. Hoff |

UNITED STATES DISTRICT COURT   AUSA David H. Hoff

Position 5

USDA-FmHA
Form FmHA 427-1 IL
(Rev. 6-15-81)

The form of this Mortgage was prepared by the Office of the General Counsel, United States Department of Agriculture and the material in the blank spaces was inserted by or under the direction of ___Frank L. Haynes___, County Supervisor, Farmers Home Administration, Kankakee Community College, River Road PO Box 2266, Kankakee, IL  60901

82  14__

11:13 a.m.

## REAL ESTATE MORTGAGE FOR ILLINOIS

THIS MORTGAGE is made and entered into by ___Frank P. Jones and Lucy Jones___

residing in ___Kankakee___ County, Illinois, whose post office address is
RR #4, Box 179, St. Anne, Illinois, 60964,
herein called "Borrower" and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government,"

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| March 5, 1982 | $35,300.00 | 13-1/4% | March 5, 21 |

82- 01139

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify as security for future advances with interest, and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby convey, mortgage, assign, and warrant unto the Government the following property situated in ___Kankakee___ County(ies), State of Illinois, hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of Illinois, to wit:

Lot 4, Pineview Subdivision, being a Subdivision of the Northeast Quarter of Section 17, Township 30 North, Range 11 West of the Second Principal Meridian, in Kankakee County, Illinois.

Ex A

FmHA 427-1 IL (Rev. 6-15-81)

82- 01155

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

82- 01139

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future State laws prescribing any statute of limitations or limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby waives, to the fullest extent Borrower may lawfully do so under State law, the benefit of all State laws (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, or (c) allowing any right of redemption or possession following any foreclosure sale. Borrower also hereby relinquishes, waives and conveys all rights, inchoate or consummate, of descent, dower, curtesy, and homestead.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for him will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Champaign, Illinois 61820, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

82- 01139

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this  5th  day of  March , 19 82

X _____ (SEAL)
Frank P. Jones

X _____ (SEAL)
Lucy Jones

ACKNOWLEDGMENT

STATE OF ILLINOIS
COUNTY OF  Kankakee  } ss:

I,  Louise B. Bigott , a Notary Public, do hereby certify that  Frank P. Jones  and  Lucy Jones , personally known to me to be the same persons whose names are subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed, sealed and delivered the said instrument as their free and voluntary act, for the uses and purposes therein set forth.

Given under my hand and official seal this  5  day of  March , A. D., 19 82

* Louise B. Bigott , Notary Public.

(SEAL)

My commission expires  April 7, 1984

*Print, stamp or typewrite the names of the mortgagers and the notary beneath their signatures.

U.S. GOVERNMENT PRINTING OFFICE 828-674

Form FmHA 440-16
(Rev. 11-10-75)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**

| KIND OF LOAN | |
|---|---|
| Type: RH | |
| Pursuant to: | |
| ☐ Consolidated Farm and Rural Development Act. | |
| ☒ Title V of the Housing Act of 1949. | |

| STATE | ILLINOIS |
|---|---|
| COUNTY | KANKAKEE |
| CASE NO. | 13-46-361400987 |

Date ____MARCH 5____, 19__82__

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in

KANKAKEE, ILLINOIS ,

THE PRINCIPAL SUM OF __THIRTY-FIVE THOUSAND THREE-HUNDRED AND NO/100__

DOLLARS ($ __35,300.00__ ), plus INTEREST on the UNPAID PRINCIPAL of

__THIRTEEN AND ONE-QUARTER__ PERCENT ( __13-1/4__ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of four alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The first installment shall be all accrued interest and shall be due on _____, 19__. Payment of Principal and later accrued Interest shall be in _____ installments as indicated in the box below;

☐ II. Principal and Interest payments shall be deferred. The interest accrued to _____, 19__ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ III. Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19__, through _____, 19__, Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

X ☐ IV. Payments shall not be deferred. Principal and Interest shall be paid in __396__ installments as indicated in the box below:

$ __396.00__ on __APRIL 5__, 19__82__, and
$ __396.00__ thereafter on the __5TH__ of each __MONTH__
until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and PAYABLE __THIRTY-THREE__ ( __33__ ) YEARS from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Ex B

Position 2

FmHA 440-16 (Rev. 11-10-75)

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7 C.F.R. 1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act or Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
FRANK P. JONES            (BORROWER)

_____ (SEAL)
LUCY JONES                (SPOUSE)

RR #4, Box 179, St. Anne, IL 60964

Purchasing property:

RR #3, Box 309, Momence, IL 60954

| RECORD OF ADVANCES |||||| 
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 35,300.00 | 3/5/82 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

U.S.GPO:1979-0-665-052/37

Position 2          FmHA 440-16 (Rev. 11-10-75)

*[handwritten:] Ottawa Kankakee Belle*



**United States Department of Agriculture**

**Rural Housing Service**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

LUCY JONES
12571 E 2500S RD
MOMENCE          IL 60954-3727

SUBJECT: NOTICE OF ACCELERATION OF YOUR RURAL HOUSING SERVICE LOAN(S); DEMAND FOR PAYMENT OF THAT DEBT; NOTICE OF INTENT TO FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING THIS ACTION

Dear LUCY JONES

PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption agreement(s) which evidence the loan(s) received by you from the United States of America, acting through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers Home Administration, is now declared immediately due and payable and demand is hereby made on you to pay this entire indebtedness. If payment in full is not made as demanded herein, the RHS intends to enforce its real estate mortgage(s) or deed(s) of trust given to secure the indebtedness by foreclosure of its lien(s) on your house.

| Account Number(s) | Date of Instruments | Amount |
|---|---|---|
| 0006712948 | 03/05/82 | 35300.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are) as follows:

**MONETARY DEFAULT**

The balance of the account is $ 6129.62          unpaid principal and
$ 5442.68          unpaid interest, as of 09/20/06, plus additional interest accruing at the rate of $2.2251          per day thereafter, plus additional advances to be made by the United States for the protection of its security, the interest accruing on any such advances, fees, or late charges, and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.



USDA is an Equal Opportunity Lender, Provider, and Employer.
Complaints of discrimination should be sent to: USDA, Director,
Office of Civil Rights, Washington, DC 20250-9410



Unless full payment of this indebtedness is received within 30 days from the date of this letter, the United States will take action to foreclose its lien on your house and to pursue any other available remedies. **Payment should be made by cashier's check, certified check, or postal money orders payable to the Rural Housing Service and mailed to the following address:**

        USDA-RHS
        P. O. Box 790170
        St. Louis, MO 63179-0170

If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the RHS and yourself, the payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS** - You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 10/05/06. Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirement outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible or ineligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Risk Management toll free at 1-800-793-8861 or TDD 1-800-438-1832, 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*[signature: Thomas B. Herron]*

Thomas B. Herron
Branch Chief
CSC - Chief, Collection Services Branch
Rural Housing Service
United States Department of Agriculture

Date: 09/20/06
Attachment
CC: State Office

This letter was mailed certified and regular mail on 09/20/06 .